IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERKAN GULYER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-482 |
| | ) Judge Stephanie L. Haines |
| WARDEN OF MOSHANNON VALLEY | ) Magistrate Judge Maureen P. Kelly |
| PROCESSING CENTER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Serkan Gulyer ("Petitioner") (ECF No. 1). Petitioner is detained at Moshannon Valley Processing Center and challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A) but instead asserts he is subject to detention under 8 U.S.C. § 1226(a) which allows him potential release on bond. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On January 7, 2026, Magistrate Judge Kelly filed a Report and Recommendation (ECF No. 17) recommending that the Petition (ECF No. 1) be conditionally granted requiring Respondent to provide Petitioner with a substantive bond hearing and that Petitioner should be granted a period of time to submit a motion for fees and/or costs. ECF No. 17, p. 1. Judge Kelly stated that Petitioner's detention under the Board of Immigration and Appeals decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216, 228-29 (BIA 2025), that resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States, has been

soundly rejected by the overwhelming majority of district courts, including this one. ECF No. 17, p. 5. The Parties were advised they could file objections to the Report and Recommendation by January 21, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Respondent filed timely objections (ECF No. 18) continuing to argue the merits of *Hurtado* to the facts of this case and argues against the Petitioner's entitlement to move for costs. This Court finds Respondent's arguments summarily unavailing. *See Calzado Diaz v. Noem*, No. 3:25- cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) (the legal conclusions in *Calzado* are unaffected by the mooting of the order due to the individual facts of Mr. Calzado Diaz's case); *A.D. v. Leonard Oddo et. al.*, No. CV 25-460J, 2026 WL 101476, at *1 (W.D. Pa. Jan. 14, 2026).

Upon review of the record and the Report and Recommendation (ECF No. 17) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Kelly in this matter. Judge Kelly correctly found that Petitioner's detention is rightly considered under 8 U.S.C. § 1226(a) and as such he is entitled to a bond hearing.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 22nd day of January, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is CONDITIONALLY GRANTED. Respondent is to provide Petitioner with a substantive bond hearing before a neutral immigration judge within ten (10) days of this Order; and,

IT IS FURTHER ORDERED that if Petitioner is not provided with a bond hearing by the timeframe specified, or if the immigration judge declines to conduct a bond hearing based on the

findings in *Hurtado*, the writ shall issue and Respondents shall immediately release Petitioner from custody; and

IT IS FURTHER ORDERED that Respondent is to notify the Court within seven (7) days of the bond hearing it's results; and

IT IS FURTHER ORDERED that Petitioner is provided ten (10) in which to submit a motion for fees and/or costs, should he wish to do so; and

IT IS FURTHER ORDERED that Magistrate Judge Kelly's Report and Recommendation (ECF No. 17) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

                                                        Stephanie L. Haines
                                                        United States District Judge